THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFFS IN ERROR, *v.* ISAAC W. ENGLAND, DEFENDANT IN ERROR.

*Advertisement of an illegal lottery — publication thereof by a newspaper corporation — a stockholder cannot be convicted unless he had knowledge of the publication.*

The defendant was indicted for publishing in a newspaper called The Sun an advertisement of an illegal lottery. The Sun was published and printed by a duly organized corporation, the business of which was managed by a board of trustees. The defendant was a stockholder of the corporation, and was employed as its treasurer and purchasing agent, and as the superintendent of its business affairs. Upon the trial he requested the court to charge that he could not be convicted if he had no knowledge or notice that the advertisement was printed by the corporation. The court refused so to charge, and instructed the jury that if the advertisement was published by the corporation of which the defendant was a member, he was the publisher within the meaning of the statute.

*Held,* that this was error ; that he could not be convicted unless it were shown that he actually and personally did the acts which constituted the offense, or that they were done by the corporation with his permission or by his direction.

CERTIORARI to the Court of Sessions of the county of Schenectady, to review the conviction of the defendant upon an indictment charging him with publishing in The Sun, a newspaper, an advertisement of an illegal lottery.

*J. T. Schoolcraft,* district-attorney, for the people.

*N. C. Moak,* for the defendant.

LANDON, J.:

The evidence tended to show that the newspaper, " The Sun," in which the advertisement of the lottery was printed, was published

by a corporation duly organized and known as "The Sun Printing and Publishing Association;" that its business was managed by a board of trustees; that the defendant was one of the stockholders of the corporation, and employed as its treasurer and purchasing agent, and superintendent of its business affairs. It did not appear that the defendant had any knowledge of the insertion of the advertisement.

Upon the trial the defendant, by his counsel, in various forms of request, asked the court to instruct the jury that he could not be convicted if he had no knowledge or notice that the advertisement was printed by the corporation; that the fact that he was a stockholder or treasurer or agent or employe of the corporation would not of itself be sufficient to convict him, if the corporation published the advertisement without his knowledge. The court held otherwise, and instructed the jury that if the advertisement was published by the corporation of which the defendant was a member, he was the publisher within the meaning of the statute.

A conviction based upon this instruction cannot, we think, be sustained.

If the corporation did the acts constituting the offense, it must have done them by the direction or permission of its officers, and by the personal act of some of its agents or servants. It seems reasonable that when the officer or servant of the corporation is held to answer *criminaliter* for the acts of the corporation, that he should be permitted to require that some evidence be given showing his connection with the acts constituting the offense. He, and not the corporation, stands indicted. To prove that the corporation did the acts does not *per se* prove that he did them; it must also be shown either that the corporation did them by his hand, act, direction or permission, which, of course, is direct proof of his own acts; or such circumstances must be shown as to justify the conclusion, as a fact, that what the corporation did he did; in other words, the circumstantial evidence may show that the defendant actually and personally did the acts which constitute the offense.

If the defendant must have had some actual personal connection with the illegal acts, much more, it seems to us, must he have had some notice or knowledge that the corporation was engaged in such acts if done by another. Otherwise the defendant might be con-

victed because of an act done by the hand of another, and without his consent or knowledge. The fact that he is a member of the corporation whose servants did the act may be a circumstance, to be left in connection with others to the jury, from which they may, under proper instruction, determine whether the defendant had any actual participation in the illegal acts charged; but for the court to hold; as a matter of law, that such membership charges him with criminal responsibility for the illegal acts of the corporation is, we think, wrong in principle and unsupported by authority.

The conviction should be reversed and a new trial ordered.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and conviction reversed and new trial granted.